**E-FILED**
Thursday, 16 April, 2009  04:16:32 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| SHERRY J. JANSSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-cv-1376 |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant.[1] | ) | |

## O P I N I O N  &  O R D E R

Before the Court is a petition for attorney fees pursuant to 42 U.S.C. § 406(b),

filed by Plaintiff's counsel, Charles E. Binder, on September 22, 2008 (Doc. 20).  For

the reasons stated below, the petition is GRANTED in the amount of $25,317.81,

which is the full amount requested.

### BACKGROUND

Attorney Charles Binder represented the plaintiff, Sherry Janssen, in this

Social Security Disability appeal authorized by 42 U.S.C. § 405(g).  The action in

this Court was originally filed on November 13, 2003 after Janssen exhausted

administrative remedies with the Social Security Administration (SSA) regarding

the agency's decision to deny her disability benefits.  On August 2, 2004, pursuant

to a stipulation between the parties, the Court remanded the case for a new hearing

before an Administrative Law Judge (ALJ).  Shortly after entry of the Court's

---

[1] Michael J. Astrue is substituted as the current Commissioner of Social Security
pursuant to Federal Rule of Civil Procedure 25(d).

judgment on August 6, 2004, Binder petitioned for attorney fees under the Equal

Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A).  The Commissioner filed no

objections to the EAJA petition.  Accordingly, on October 27, 2004, this Court

granted the EAJA petition and awarded $5,317.81 in attorney fees.

On September 12, 2005, a rehearing occurred before ALJ Gerard J. Rickert.

Based on that hearing, on August 25, 2006, the ALJ found Plaintiff Janssen not to

be disabled within the meaning of the Social Security Act.  On April 14, 2007,

however, the administrative Appeals Council remanded the case to the ALJ for

further administrative proceedings.  On remand, the ALJ conducted another

hearing (the third overall) and, on February 2, 2008, he issued a favorable decision,

finding Plaintiff disabled within the meaning of the Social Security Act as of her

alleged onset date.

On April 17, 2008, the SSA provided Plaintiff with notice of her benefit

determination, including notice of her past-due benefits.  On July 21, 2008, the SSA

provided Plaintiff notice of her child's benefit entitlement.  After learning of these

benefit calculations, on September 22, 2008, Plaintiff's attorney Binder returned to

this Court and petitioned for attorney fees pursuant to 42 U.S.C. § 406(b)(1).  The

petition seeks court approval of a $25,317.81 deduction in Plaintiff's past-due

benefit total that will be paid to Binder pursuant to a standard contingent-fee

arrangement.  Binder represents that Plaintiff has been notified of the petition.  No

objections to the § 406(b) petition have been submitted.

## DISCUSSION

The applicable statutory provision, 42 U.S.C. § 406(b)(1)(A), authorizes a federal district court, as part of its judgment, to grant a prevailing claimant's attorney a reasonable fee that is not in excess of 25 percent of the claimant's past-due benefits.  Gisbrecht v. Barnhart, 122 S.Ct. 1817, 1822 (2002).  The attorney fee authorized under § 406(b) is for work performed in conjunction with court proceedings and not for work performed in conjunction with administrative proceedings.[2]  See Hodges-Williams v. Barnhart, 400 F. Supp.2d 1093, 1096 (N.D. Ill. 2005).  The § 406(b) fee is payable out of -- not in addition to -- the amount of past-due benefits.  Gisbrecht, 122 S.Ct. at 1822.  In cases like this one, where the district court has already awarded attorney fees pursuant to the EAJA, the court may also award fees under § 406(b), "but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"  Id.

Many aggrieved Social Security Disability claimants who find their way to federal court are represented by attorneys retained under contingent-fee arrangements.  Such is the case here.[3]  In Gisbrecht, the Supreme Court held that §

---

[2] 42 U.S.C. § 406(a), conversely, governs attorney fees for representation in administrative proceedings.  A fee award under § 406(a) is the prerogative of the Social Security Administration.  "The combination of § 406(a) and § 406(b) can never exceed 25% of the retroactive benefits."  Kopulos v. Barnhart, 318 F. Supp.2d 657, 661 (N.D. Ill. 2004) (citing Gisbrecht, 122 S.Ct. at 1817).

[3] Although Binder has not filed the fee contract with the Court, he represents in his signed affirmation that he was retained by Plaintiff under a contingent-fee contract awarding him 25 percent of past-due benefits, to Plaintiff and her eligible family members, upon successful representation.  (9/22/2008 Binder Aff. ¶ 2).  The 25 percent contingent-fee agreement is typical as between Social Security Disability

406(b) accommodates these contingent-fee contracts, subject to the requirement

that the actual fee awarded to the attorney must be reasonable and may not exceed

25 percent of the past-due benefits. Id. at 1828.  Federal district courts, however,

are not expected to simply rubber-stamp all such contingent-fee agreements that

include the 25-percent figure.  Courts have an independent duty to inquire into the

reasonableness of a potential fee award under § 406(b) and, in doing so, to consider

the circumstances of each case. Id. at 1828-29; McGuire v. Sullivan, 873 F.2d 974,

985 (7th Cir. 1989).  In determining what constitutes a reasonable fee where a

contingent-fee contract is involved, the district court's primary focus should be to

ensure that the fee does not amount to an inappropriate "windfall" to a prevailing

attorney at the expense of the claimant. See McGuire, 873 F.2d at 981.  The inquiry

necessarily includes consideration of the amount of time the attorney spent on the

case, as well as the attorney's skill level and the risk of failure assumed by the

attorney in taking the case. Id. at 980-82.

Here, the attorney, Binder, requests $25,317.81 for worked performed in

conjunction with his representation of Plaintiff Janssen before this Court.  The

requested amount is less than the 25 percent of past-due benefits specified in the

Binder-Janssen contingent-fee agreement. (9/22/2008 Binder Aff. ¶¶ 2, 12).[4]  Binder

claimants and their attorneys. See Gisbrecht, 122 S.Ct. at 1826 (noting this
typicality).

[4] The SSA has withheld $30,189.75 from the full amount of past-due benefits to
Plaintiff Sherry Janssen for purposes of securing the payment of attorney fees. (Ex.
A to Binder's § 406(b) Mem.).  In addition, the SSA has withheld $15,087 from the
full amount of past-due child's benefits to Sherry's son, Christopher A. Janssen, for
the same purpose. (Ex. B to Binder's § 406(b) Mem.).

represents that he will seek approval from the SSA for additional fees earned for
work performed in conjunction with administrative proceedings.  (9/22/2008 Binder
Aff. ¶ 13).  Binder further represents that, "[u]nder no circumstances will the total
requested fees [subject to approval by this Court and by the SSA] exceed . . . the
25% that has been withheld from the retroactive benefits awarded to the Plaintiff
and the Plaintiff's eligible child."  (9/22/2008 Binder Aff. ¶ 13).

Binder, acknowledges that only 35.75 attorney work-hours were spent in
conjunction with representing Plaintiff Janssen in proceedings before this District
Court.  (Ex. C to Binder's § 406(b) Mem.).  Binder further acknowledges that
attorney Danielle Furman is responsible for the bulk of this time, 32.25 hours,
which time Furman spent analyzing the transcript, researching, and drafting.  In
his Affirmation, Binder states that Furman maintains her own legal practice,
concentrated in federal appellate practice.  The Court assumes that Binder and
Furman work together under a contractual arrangement; and the Court finds it
appropriate to treat Furman as an associate to Binder, at least for purposes of
rendering a decision on the instant fee petition.[5]  Such treatment is appropriate

---

[5] Binder represents Furman's credentials as follows: "Danielle Furman graduated
from the University of California at Berkeley in 1990 and from Pepperdine
University School of Law in 1994.  She is a member of the California State Bar and
is admitted to practice before all District Courts in California as well as the 9th
Circuit Court of Appeal [sic].  During law school, she served as a judicial extern for
Hon. Morio Fukuto of the California Court of Appeal, Second District, in Los
Angeles.  She also won several briefwriting awards in moot court competitions,
including Best Brief in the West Coast Regional Moot Court Competition in 1993.
From 1995 to 1998, she was an associate attorney at two boutique law firms in Los
Angeles, specializing in federal maritime law.  Since April 1998, she has maintained

because Binder's submissions reflect that half of his 3.5 work hours in conjunction with this federal court action were spent reviewing and editing Furman's work-product.  (Ex. C to Binder's § 406(b) Mem.).

It is difficult to miss the fact that -- without distinguishing between the value of Binder's and Furman's work-hours -- an attorney fee of $25,317.81 for 35.75 attorney hours spent in federal court comes to roughly $708 per hour.  That seems like a steep rate.  However, as tempting as it may be to decide the instant fee petition based on the hourly-rate breakdown, the Seventh Circuit Court of Appeals has indicated that the hourly rate should not be the starting point in § 406(b) analysis when a contingent-fee contract is involved.  See McGuire, 873 F.2d at 979-80.  Rather, the starting point should be the agreed-to contingent-fee, and the district court may adjust the fee downward if it is unreasonable under the circumstances.  See Gisbrecht, 122 S.Ct. at 1828-29; McGuire, 873 F.2d at 979-80.

In the present case, the Court can find no reason to make a downward adjustment in the attorney fee due under the contingent-fee agreement.  The Court is satisfied that Binder is a skilled attorney with a wealth of experience in Social Security appeals in federal court.  (9/22/2008 Binder Aff. ¶ 8).  Although the bulk of federal court hours were accrued by the seemingly less-experienced Furman, the Court is satisfied that Furman's work was conducted under Binder's supervision and guidance.  The risk involved with this case (which was assumed by Binder under the contingent-fee contract) is apparent from the case's procedural history,

---

her own legal practice, writing appellate briefs in federal court cases including appeals of Social Security disability claims."  (9/22/2008 Binder Aff. ¶ 9).

which includes Sherry Janssen's four applications for Social Security Disability benefits, three administrative hearings, two appeals to the administrative Appeals Council, in addition to the instant federal court appeal. (9/22/2008 Binder Aff. ¶¶ 1, 7). The expertise and experience of Plaintiff's lead attorney in this case and the risk assumed by counsel under the contingent-fee agreement offset the steep "effective hourly-rate" for attorney time spent in conjunction with these federal court proceedings. In addition, the amount of time counsel spent at the administrative level is a factor that weighs in favor of the contingent-fee agreement's reasonableness. See Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (affirming district court's consideration of the amount of time spent at the agency level in approving a contingent-fee contract to the extent it reflected the case's complexity and the significance of the result achieved). Lastly, it is significant that the Commissioner has filed no objections to the instant fee petition. See Gisbrecht, 122 S.Ct. at 1823 n.6 (Commissioner plays the part of trustee for the claimant in a § 406(b) attorney fee determination).

## CONCLUSION

IT IS THEREFORE ORDERED that the instant petition for attorney fees under 42 U.S.C. § 406(b) is GRANTED in the amount of $25,317.81, which represents less than 25 percent of the past-due benefits awarded to the Plaintiff and the Plaintiff's eligible child. This fee is payable to Plaintiff's counsel of record, Charles E. Binder, out of the total amount of such past-due benefits. Upon receipt

of this Order, Plaintiff's counsel is directed to remit the EAJA award of $5,317.81 to the Plaintiff Sherry J. Janssen.

Nothing in this Order will preclude Plaintiff's counsel from requesting fees under 42 U.S.C. § 406(a) for time spent handling Plaintiff's case before the Social Security Administration, provided that the amount of combined fees approved under both § 406(a) and § 406(b) does not exceed 25 percent of the retroactive benefits awarded to the Plaintiff and her eligible child.

ENTERED this 16th day of April, 2009.

s/ Joe B. McDade
JOE BILLY MCDADE
United States District Judge